### STATE v. DICK DEAL.

(Filed 8 January, 1932.)

APPEAL by defendant from *Clement, J.,* and a jury, at June Term, 1931, of BURKE. No error.

The defendant was indicted for the homicide of Walter Simmons on 10 February, 1931, and was convicted of manslaughter.

The State contends that the evidence shows that deceased had been working on a house, quit work about 5:30 p.m., and got Carl Leonhardt to carry him in a car three and a half or four miles out from Morganton to a Mrs. Ida Brittain's, from whom he wished to collect a bill. When they arrived there were two girls on the porch, and Simmons (deceased) inquired for Mrs. Brittain. They then drove to the back yard, got out and went into the back porch and Simmons asked for Mrs. Brittain. Defendant came out of the hall toward Simmons, saying "Simmons, what the God damn hell do you want here?" Deceased replied that he did not know it was "any of your God damn business." Whereupon,

defendant said "I will show you whether it is any of my damn business or not," turned, went into a room at the left side of the hall, picked up something from a dresser or table, and came back with his hands behind him. Simmons grabbed defendant's hands, and some words followed, Leonhardt trying to prevent trouble. Deceased "let go" defendant's arm, and dropped his hand. While Leonhardt was holding deceased, defendant hit the latter with something, and witness saw a hammer fall from his hand. Defendant refused to help with deceased, when asked, saying, "Hell, no, damn him." From the effects of the wound Simmons died on 23 February, 1931, at Grace Hospital, Morganton, where he was taken for treatment.

The defendant contends: That he was living at and making his home with Mrs. Ida Brittain. He was seated by the fire reading, when the fire died down and he went out to get wood, or fuel. He was met by the deceased, and after considerable cursing they became engaged in a difficulty, and in the course of the fight or difficulty the deceased was killed by the prisoner with the use of a claw hammer. The prisoner admitted the use of this weapon and undertook to carry the burden of proving justifiable homicide. He admitted the killing, but pleaded that he was in his own home, at a place where he had a right to be; that he was murderously assaulted by the deceased, and that he retreated eight or ten feet before he dealt the death blow, his only defense was, and is, that he was justified in fighting in defense of his own home and his person.

The defendant made numerous exceptions and assignments of error, and appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*R. L. Huffman and Hatcher & Berry for defendant.*

PER CURIAM. At the close of the State's evidence and at the close of all the evidence, the defendant made motions to dismiss the action or for judgment of nonsuit. C. S., 4643. These motions were overruled by the court below, and in this we can see no error.

The exception and assignment of error as to the alleged expression of opinion by the court below, if error, we cannot see how it was prejudicial. The exceptions and assignments of error as to the charge cannot be sustained. The court below, from a careful reading of the charge, taking the same as a whole, gave the law applicable to the facts. Gave the contentions of both the State and defendant fairly and accurately. We see no new or novel principle of law involved in the case.

Evidence on the part of the State as to the general reputation of the
State's witness, Carl Leonhardt, and defendant and his witness, Mrs.
Ida Brittain, was as follows:

"Ernest Whisnant testified to the good character of Carl Leonhardt,
and the bad character of Dick Deal and Mrs. Ida Brittain. Chief Duck-
worth testified to the good character of Carl Leonhardt, and the bad
character of Dick Deal for liquor, and the general bad character of the
defendant Dick Deal and Mrs. Ida Brittain. C. H. Ollis, police officer,
testified to the general good character of the State's witness, Carl Leon-
hardt, and the general bad character of the defendant Dick Deal and
Mrs. Ida Brittain."

It was mainly a question of fact to be determined by the jury and
they have found for the State. In law we can find

No error.